**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Troy Willems, husband, et al., | No. CV09-2008 PHX DGC |
| Plaintiffs, | |
| vs. | **ORDER** |
| American Family Mutual Insurance Company, a foreign insurer, | |
| Defendant. | |

Defendant American Family Mutual Insurance Company has filed a motion to amend its answer to Plaintiffs Troy and Rhonda Willems' complaint. Dkt. #33. Plaintiffs oppose the motion. Dkt. #35. The Court will grant the motion to amend. Dkt. #33.

**I.   Background.**

American Family sold an auto insurance policy to Plaintiffs for their 1996 Toyota Camry. Dkt. #1-1 at 4. On August 18, 2007, Plaintiffs were involved in an accident and subsequently made a claim for coverage. *Id.* at 5. American Family used a computer database called NADA to determine the retail value of the Toyota Camry. The repair costs, according to American Family, were $4,214.18, while the retail value of the car based on the NADA determination was $5,125.00. American Family declared the car a total loss. *Id.*

American Family then subtracted 1% of the value of the car for exterior, tires, and interior. *Id.* at 5-6. Plaintiffs contend that deductions had already been factored in by the computer database and that their tires were new. They argue that the 1% deduction was a double deduction and arbitrary.

1    On August 24, 2009, Plaintiffs filed a complaint in Arizona state court alleging breach of contract and bad faith and seeking compensatory damages, punitive damages, and attorneys' fees. *Id.* at 6-8. Plaintiffs also seek to bring a class action for breach of contract, bad faith, and a violation of A.R.S. § 20-443 and §44-1521. *Id.* at 9. American Family removed the case to this Court and, on October 1, 2009, answered the complaint.

**II.    Legal standard.**

The Court should "freely give" leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2).[1] This direction "is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "In exercising its discretion[,] . . . 'a court must be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits rather than on the pleadings or technicalities[.] Thus, 'Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality.'" *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (citations omitted).

Amendment may be denied if it would be futile. *Foman*, 371 U.S. at 182. "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)). The party opposing amendment bears the burden of showing futility. *DCD Programs*, 833 F.2d at 187.

**III.   Analysis.**

American Family seeks to add two affirmative defenses, "Setoff" and "Recoupment." Dkt. #33-1 at 7. Setoff "allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding 'the absurdity of making A pay B when B owes A.'" *Citizens Band of Md. v. Strumpf*, 516 U.S. 16, 18 (1995). Similarly, recoupment is "an equitable doctrine" which "can be used to reduce or eliminate a judgment." *W.J. Kroeger Co. v. Travelers Indem. Co.*, 541 P.2d 385, 388 (1975). American Family argues Plaintiffs

---

[1] The Court's Case Management Order set a deadline of February 6, 2010, for seeking to amend pleadings. Dkt. #12 at 1. Defendants filed their motion before this deadline.

never paid for all of the coverage they received between July 20, 2009 and October 2, 2009. *See* Dkt. #37 at 2-3. It argues that Plaintiffs still owe them $257.50 for coverage during that time period.

Plaintiffs argue that the new affirmative defenses are futile. They argue that Plaintiffs decided to cancel the contract, which is why they did not pay, and that American Family is now seeking "to demand payment for unpaid premiums that have long-since lapsed." Dkt. #35 at 2. They further argue that American Family has failed to produce any published opinion "where a court has allowed an insurer to offset unpaid premiums, unless a claim has been paid after cancellation." Dkt. #35 at 3.

The Court cannot conclude at this stage that Defendants' proposed defenses would fail. As the facts set forth in Defendants' reply brief show, there are disputes of fact as to whether the premiums to be setoff or recouped were for coverage provided before cancellation. Dkt. #37. Because the proposed defenses might be provable by Defendants after discovery, the Court will grant leave to amend. *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)("a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense").

**IT IS ORDERED** that American Family's motion to amend (Dkt. #33) is **granted**.

DATED this 30th day of March, 2010.

_____
David G. Campbell
United States District Judge